COBB & GREGORY v. DIES, County Judge, et al. (No. 217.)

(Court of Civil Appeals of Texas. Beaumont. April 18, 1918. Rehearing Denied May 15, 1918.)

APPEAL AND ERROR ☞761—BRIEFS.

Under rule 36 of the Court of Civil Appeals (142 S. W. xiii), providing that there should be annexed to each proposition with its statement and at the end of it a reference simply to the authorities relied on, if any, in support of it in the following order, to wit: "The statutes and decisions of this state; the statutes and decisions of the United States; * * * elementary authorities; other decisions in the American and English courts"—it is improper to present in the brief letters and statements from universities and colleges of the United States as to the construction to be placed upon the language of a statute.

Appeal from District Court, Hardin County; L. B. Hightower, Sr., Judge.

Mandamus by Cobb & Gregory. a firm composed of O. E. Cobb and J. A. Gregory, against W. W. Dies, County Judge, and another. From judgment for defendants, plaintiff appeals. On motion by appellees to strike out a portion of appellant's brief. Motion granted.

See, also, 203 S. W. 438.

Mantooth & Collins, of Lufkin, and Orgain, Butler & Bolinger, of Beaumont, for appellant. Leon Sonfield, of Beaumont, D. F. Singleton, of Kountze, and J. L. Manry, of Livingston, for appellees.

CHILTON, Special Judge. Appellees have filed a motion asking that a certain portion of the brief filed in this case by the appellants be stricken out, and that appellants be required to file briefs with the matter objected to eliminated therefrom.

One phase of this case involves the question as to the proper construction of article 2238, Revised Statutes of 1911, and in the statement under the first proposition, on page 8 of appellants' brief, it is stated:

"In our zeal to arrive at the true construction which should be placed upon this statute, and in order to do everything we possibly could to aid the court in determining it, we have sent out the following form letter to a number of the most reputable universities and colleges of the United States, asking for information about this statute."

Following this is a copy of the form letter sent out by the attorneys of appellants, and then follows copies of numerous replies received, covering in all some 25 pages, and this is the matter objected to. Of course such matter is out of place in a statement under a proposition, as it does not pertain to the facts shown in the record, but the point urged is not this, but that it should not be in the brief at all. Rule 36 (142 S. W. xiii) of the rules governing the briefing of cases in the Courts of Civil Appeals, is as follows:

"There should be annexed to each proposition, with its statement, and at the end of it, a reference simply to the authorities relied on, if any, in support of it, in the following order, to wit: The statutes and decisions of this State; the statutes and decisions of the United States, if they are applicable to the case; elementary authorities; other decisions in the American and English courts. In citing decisions, those most nearly in point should be cited first, and they should not, usually at least, be so numerous as to require a waste of time in their examination."

Parties who have filed briefs may, upon the submission of a case, present an argument, either oral or written (rule 47 [142 S. W. xv]), which must be confined to the disputed points presented by the propositions in the briefs (rule 48 [142 S. W. xv]).

No doubt considerable liberality should prevail in permitting counsel, in briefs and arguments, to cite and quote the opinions and expressions of others on principles and theories of law involved in a case, in what form or wherever found; but we do not think it proper to present before the court letters and statements of outside persons, eminent and disinterested though they may be, which are aimed at the particular case, and undertake to say how a statute under consideration should be construed, or how the case should be decided. Even in the absence of any express rule, indicating what should be contained in briefs and arguments of counsel, such a practice would seem not to be permissible.

The motion of appellees is therefore granted.

Thereafter the appeal was dismissed for failure to file briefs as directed. On February 6, 1918, motion of appellant to reinstate cause was granted.